UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER DIPIETRO, | : |
| Plaintiff, | : Civ. A. No. 11-5878(NLH)(KMW) |
| v. | : **MEMORANDUM** |
|  | : **OPINION & ORDER** |
| GLOUCESTER COUNTY SHERIFF'S DEPARTMENT, and JOHN DOE SHERIFF OFFICERS #1-5, | : |
| Defendants. | : |

**APPEARANCES:**

PETER DIPIETRO
495 SOUTH BLUEBELL ROAD
VINELAND, NJ 08360

    Appearing *pro se*

PATRICK J. MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST
SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389

    On behalf defendants

**HILLMAN, District Judge**

    WHEREAS, plaintiff claiming the defendants violated numerous constitutional, statutory, and common law rights relating to his arrest on March 2, 2011 by sheriffs employed by the Gloucester County Sheriff's Department; and

    Currently pending before this Court are the motions of plaintiff, Peter D. DiPietro, for default judgment and a

temporary restraining order against the Gloucester County Sheriff's Department; and

Also pending before the Court is the motion of the Gloucester County Sheriff's Department to dismiss plaintiff's claims against it; and

With regard to plaintiff's motion for default judgment, the Court noting that under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process:  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b); and

The Court finding that plaintiff's motion for default judgment must be denied because plaintiff by-passed the first step of the process, in that the Clerk did not enter default (see docket entry for December 21, 2011), and because defendant has subsequently appeared in the matter; and

With regard to plaintiff's motion for a temporary restraining order, plaintiff asking this Court to enjoin the Gloucester County Sheriff's Department from arresting him

2

pursuant to a warrant that will be issued by the Gloucester County courthouse in late December 2011 or early January 2012; but

The Court finding that plaintiff's request is now moot, as the warrant was issued on January 3, 2012, and the arrest was effected on January 6, 2012; and

With regard to defendant's motion to dismiss plaintiff's claims, the Court finding that plaintiff's claims against the Gloucester County Sheriff's Department are unsupportable because:

(1) plaintiff's claims brought pursuant to 42 U.S.C. §§ 1983 and 1985 fail because the Gloucester County Sheriff's Department is not a "person," see Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989); Medina v. Cumberland County, 2011 WL 1750738, 2 (D.N.J. May 3, 2011) (citations omitted) (explaining that "[a]lthough local government units and municipalities are 'persons' within the meaning of § 1983 and § 1985, sheriff's departments and corrections departments are not separate legal entities from the County, and therefore cannot be independently sued for violations of § 1983 and § 1985"); and

(2) the rest of plaintiff's claims fail to meet the Twombly/Iqbal standard because plaintiff's complaint provides no facts to support his claims. Plaintiff's complaint simply states that he was arrested on March 2, 2011 at 7:15am, and that his arrest was without reasonable cause and pursuant to a fraudulent

3

court order, he was not given his Miranda rights, and he was denied bail or access to the courts.  Plaintiff claims that these factors amount to a depravation of various constitutional and common law rights.  Plaintiff, however, does not plead any information as to the court order that was allegedly fraudulent, the nature of that order, the purported reasons for his arrest, who arrested him, or who denied his rights after his arrest. Plaintiff has not provided this Court with sufficient facts to "accept as true" in the determination of whether he has a "plausible claim for relief."  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("A complaint must do more than allege the plaintiff's entitlement to relief."); but

The Court recognizing that Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile," Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007);

Accordingly,

**IT IS HEREBY** on this ____20th____ day of ___August___, 2012

**ORDERED** that plaintiff's motions for default judgment [7] and a temporary restraining order [11] are **DENIED;** and it is further

4

**ORDERED** that defendant's motion to dismiss plaintiff's complaint is **GRANTED;** and it is further

**ORDERED** that plaintiff shall have 30 days to file an amended complaint, only if he can do so consistent with the parameters described above.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |